2022R00252/NFM/HMB/BAW/jw

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas |
| v. | : | Crim. No. 22-336 |
| STEPHEN LUKE, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (*MONEY JUDGMENT*) AND PRELIMINARY ORDER |
| | : | OF FORFEITURE (*FINAL AS TO THE DEFENDANT*) |
| | : | |

On or about May 5, 2022, pursuant to a plea agreement with the United States, defendant Stephen Luke pleaded guilty to a two-count Information that charged him with conspiracy to violate the Federal Anti-Kickback Statute, contrary to 42 U.S.C. § 1320a-7b(b)(1)(A) and (b)(2)(A), in violation of 18 U.S.C. § 371 (Count 1); and conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349 (Count 2). In the plea agreement, the defendant agreed to forfeit all property, real or personal, the defendant obtained that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care offenses charged in Counts 1 and 2 of the Information, and all property traceable to such property, the value of which was approximately $16,033,087 for Count 1 and approximately $16,033,087 for Count 2. In the plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore

entitled to forfeit substitute assets in an amount not to exceed $16,033,087 (the "Money Judgment").

As part of the plea agreement, the defendant further agreed to forfeit to the United States all of his right, title, and interest in the specific property listed on the attached Exhibit A, which the defendant admits has the requisite nexus to the offenses charged in the Information and therefore is forfeitable to the United States of America pursuant to 18 U.S.C. § 982(a)(7).

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of a judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged he understood that criminal forfeiture is part of the sentence that may be imposed in this case; waived any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement and the record as a whole, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

### *Money Judgment*

1. All property, real and personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the federal health care offenses charged in Counts 1 and 2 of the Information to which the defendant has pleaded guilty is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(7).

2. The defendant having acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the gross proceeds obtained by the defendant, which was approximately $16,033,087 for Count 1 and approximately $16,033,087 for Count 2. A Money Judgment in the amount of $16,033,087 (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4. All payments on the Money Judgment are forfeit to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law. The United States shall have clear title

to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($16,033,087).

5.   Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

### *Forfeited Specific Property*

6.   As a further result of the defendant's conviction of the federal health care offenses charged in Counts 1 and 2 of the Information, pursuant to U.S.C. § 982(a)(7) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title, and interest in the specific property listed on Exhibit A, which the defendant admits has the requisite nexus to the offenses charged in the Information (the "Specific Property"), is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

7.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

8.   Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably

appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. '853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

10. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

11. Upon adjudication of all third-party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. '853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

12. Any forfeited money and the net proceeds derived from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

### Other Provisions

13. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

14. The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $16,033,087.

-7-

15. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

Dated: May 10, 2022

_____
HONORABLE ESTHER SALAS
United States District Judge

The undersigned hereby consent to the form and entry of this Order:

PHILIP R. SELLINGER
United States Attorney

_____        Dated: 5-10-2022
By: NICOLE F. MASTROPIERI
    HAYDEN M. BROCKETT
    BARBARA A. WARD
    Assistant United States Attorneys

_____        Dated: 5-10-22
REBEKAH R. CONROY, ESQ.
SHALOM DAVID STONE, ESQ.
Attorneys for Defendant

_____        Dated: 5/10/2022
STEPHEN LUKE, Defendant

## Exhibit A
## United States v. Stephen Luke

| AIN | Seizure Date | Approximate Value | Financial Institution | Account No. | Account Name |
|---|---|---|---|---|---|
| 20-FBI-006239 | 9/15/20 | $ 845,213.36 | Pershing LLC | XXXXXX7766 | SGL68 LLC |
| 20-FBI-006240 | 9/15/20 | $ 79,011.10 | Pershing LLC | XXXXXX7873 | SGL68 LLC |
| 20-FBI-006241 | 9/15/20 | $ 119,508.46 | JPMC Bank NA | XXXXXX8395 | Employee Plus LLC |
| 20-FBI-006242 | 9/15/20 | $ 999.99 | JPMC Bank NA | XXXXX0156 | ICU2 Holdings LLC |
| 20-FBI-006243 | 9/15/20 | $ 682.98 | JPMC Bank NA | XXXXX8815 | LNL Management LLC |
| 20-FBI-006246 | 9/15/20 | $ 312,151.50 | US Energy Development Corporation 2018 A Drilling Fund LP | D18-X-XX8 | Stephen G. Luke |
| 20-FBI-006247 | 9/15/20 | $ 322,738.44 | US Energy Development Corporation 2019 B Drilling Fund LP | D19-X-XX5 | Stephen G. Luke |
| 20-FBI-006248 | 9/15/20 | $ 1,843,726.00 | Fidelity Investments | XXXXXX5497 | C34U Insurance LLC |
| 20-FBI-006249 | 9/15/20 | $ 971,584.00 | Fidelity Investments | XXXXXX5350 | LNL Management LLC |
| 20-FBI-006250 | 9/15/20 | $ 20,840.00 | Fidelity Investments | XXXXXX4925 | Steve G. Luke, Katsura Kaneko Luke |
| 20-FBI-006251 | 9/15/20 | $ 55,313.87 | Wells Fargo | XXXXXX1369 | C34U Insurance LLC |
| 20-FBI-006252 | 9/15/20 | $ 122,315.12 | Wells Fargo Bank NA | XXXXXX7280 | Inspired One |
| 20-FBI-006253 | 9/15/20 | $ 12,077.91 | Wells Fargo Bank NA | XXXXXX2564 | Stephen George Luke, Katsura Luke |